No. 2521.

CRESCENT INSURANCE COMPANY *v.* W. R. CAMP ET AL.

1. INSURANCE POLICY—SOLE OWNERSHIP.—A surviving partner administering upon the estate of the deceased partner is not the sole unconditional owner of partnership assets.
2. SAME.—Nor does such ownership exist when, or if the administrator and surviving partner should pay firm indebtedness to an amount equal to or greater than the value of the firm's assets. Such payment would give the right to reimbursement out of the assets, but would not confer complete ownership.
3. CASE FOLLOWED.—Crescent Insurance Company v. Camp, 64 Texas, 521.
4. ESTOPPEL.—Where the state of ownership of insured property is made known to the agent of the insurance company at the time the policy was issued, the Insurance Company can not set up the want of complete ownership to bar an action upon the policy. (Ins. Co. v. Eads, 65 Texas, 118.)

APPEAL from Cherokee. Tried below before the Hon. N. G. Kittrell.

This is a second appeal. A statement of the case appears in 64 Texas, 522.

*John M. Duncan* and *Whitaker & Bonner,* for appellant: The fact that a surviving partner or administrator pays or becomes individually liable to pay the firm debts, will not constitute him to that extent the sole, entire and unconditional owner for his own use and benefit of the estate coming into his hands as such partner or administrator, but he would him-

self become a creditor of such estate to that extent, and sub-
ject to the same laws, in the collection of his claims against
the estate, as the creditors whose claims he had acquired.   He
would still hold said property in his fiduciary capacity, for the
sole purpose of winding up the estate, subject to the orders
and control of the proper court.   (Ins. Co. v. Camp, 64 Texas,
523; Rev. Stats., art. 2083; 1 Collyer's Law of Part., 538, 539;
2 Collyer's Law of Part., note on pp. 950, 951, 952; 2 Lind. on
Part., 1046.)

*McClure & Gibson* and *H. McKay*, for appellees:   Appellees
plead and proved that Ellenstein was the surviving partner
and administrator of Guensberg, and at and before the date of
the policy, had settled and adjusted all the debts against El-
lenstein & Guensberg to the full extent of the extinguishment
of the Guensberg interest, and that the heirs of Guensberg had
no real interest in said goods, and which facts were so adjudged
by the court of competent jurisdiction.   (Ins. Co. v. H. O. Gor-
don, 68 Texas, 144.)

If the property insured and destroyed was not the sole and
individual property of Ellenstein in strict accordance with the
letter of the condition of the policy, yet the company, at and
before the time of giving the policy and accepting the pre-
mium, had full knowledge of the character of the property as
to ownership, and took the risk with such knowledge; and,
with reference to the title of the property, and is so estopped
from setting up such variance of the apparent and real owner-
ship.   (1 Wood on Ins., p. 207 et seq.)

STAYTON, CHIEF JUSTICE.   This cause was before this court
at a former term, and is reported in 64 Texas, 521, where a
statement of the case will be found.

The policy made the basis of this action contained a provis-
ion *"that if the interest of the assured in the property be any
other than the entire, unconditional and sole ownership of the
property for the use and benefit of the assured * * * it must
be so expressed in the written portion of the policy, otherwise
the policy shall be void."*

A part of the stock of goods insured had belonged to a firm
composed of N. Ellenstein and one Guensberg, deceased, at
the time the policy was issued to Ellenstein.   At that time El-
lenstein held the goods as surviving partner or as administrator

of the estate of Guensberg, if in fact he had not sold the in-
terest of the estate of Guensberg to another person. Whether
he held them as surviving partner or administrator, it is not
essential to determine.

On the former appeal the clause of the policy above quoted
was held binding upon the parties, and on the last trial the
appellees, who hold through Ellenstein, seek to avoid the
effect of that ruling by evidence tending to show a state of
facts which called from the court below charges as follows:

"14. When Guensberg died, Ellenstein succeeded to all his
rights as surviving partner of the firm, taking all the stock
and other assets, not absolutely, but in trust for the creditors
and others entitled thereto; and when he qualified as adminis-
trator of Guensberg's estate he did not become the owner of
the goods, but held them only for the purpose of administering
them so as to pay the debts of Guensberg due individually, or
as a member of the late firm, and to pay the residue or re-
mainder, if any there was, to those entitled thereto as heirs or
legatees of Guensberg. And whether there was any such res-
due, which he still held, or was responsible for when he
effected the insurence represented by the policy sued on, is for
you to say from the facts when examined in the light of the
law in this charge given. If there was such a residue or re-
mainder, then he was not the sole, entire and unconditional
owner, and they can not recover, and you will find for the
defendant, unless you find for the plaintiff upon the knowl-
edge of defendant's agent as to the status of the ownership
when the policy was issued, concerning which point you will be
hereafter instructed in paragraph 19.

"15. If, however, you find from all the facts and circum-
stances in evidence, that Ellenstein, as surviving partner and
administrator, had, at the time the insurance was effected,
paid in the settlement of the firm or individual indebtedness
of Guensberg's estate, and in payment of the expenses inci-
dent to his management thereof, and in settling and discharg-
ing Guensberg's portion of the firm indebtedness such sum and
amount, in all, as was equal to or in exceess of all Guensberg's
interest in the assets of Ellenstein & Guensberg, and such sum
as fully, fairly and entirely consumed and absorbed the whole
of Guensberg's estate, so that there was no residue or remain-
der to be administered, or to which any heir, or legatee or any
person having a right thereto through Guensberg was entitled,

then these facts, if you so find, extinguished Guensberg's interest in the property, and had in law, the effect to make Ellenstein, within the meaning of the policy, sole owner, as required by section four of the policy."

The first of these charges was correct, but an inquiry arises as to the correctness of the second.

The character of ownership made requisite to the validity of the policy is the highest known to the law. To give it, it was not only requisite that the assured should be clothed with the legal title to the goods with the right to dispose of them, and confer upon his vendee an indefeasible title, but it was further necessary that the ownership should be entire, sole, without condition, and for the benefit and use of the assured.

Whether Ellenstein was holding as surviving partner or as administrator of Guensberg's estate, he was a trustee, not clothed with a sole and unconditional ownership for his own use and benefit.

This was the ruling on the former appeal.

The last part of the charge given, however, assumes that while this was Ellenstein's relation to the property by reason of his holding as surviving partner or administrator, that this relation might be changed by his disbursing in settlement of the firm or individual indebtedness of Guensberg's estate, and payment of the expenses of his management, a sum equal to or greater than the value of the interest of Guensberg in the partnership property.

That Ellenstein was not sole owner for his own use and benefit at the time of the death of Guensberg is not claimed, and to make such his relation to the property subsequently, it must be shown that through some transaction which, in law, amounts to a sale, the Guensberg interest had vested in Ellenstein at the time the policy issued.

The facts, by the charge, declared to have such effect, we are of opinion could not confer such ownership on Ellenstein as is necessary to be shown to support the policy.

He was a trustee and could not sell to himself. By the payment of firm debts out of his own means, as surviving partner he doubtless would have the right to reimbursement, to the extent Guensberg's estate was benefited thereby, out of the partnership property, but this would not give to him an unconditional and sole ownership.

As surviving partner, Ellenstein had a lien on the partner-

ship effects, through which he could enforce the payment of partnership debts, and the fact that he may have paid them would in effect only make him a creditor, with a lien no higher in degree than had he as surviving partner.

As administrator, he could not directly or indirectly buy any of the property of the estate of which he was the representative; nor could he take any part of the estate at its appraised value (Rev. Stats., art. 2083), or purchase for his own use, directly or indirectly, any claim against it. (Rev. Stats., art. 2050.) We think the charge given was erroneous.

The appellee pleaded in estoppel that, although there was no statement in the policy as to the true state of the ownership of the property at the time the policy was issued, this was fully made known thereby to the agent of the company who issued the policy. The court instructed the jury that such fact would operate as an estoppel on the company, and in this there was no error. (Ins. Co. v. Ende, 65 Texas, 118.)

There was, however, a direct conflict of evidence on this point, and it is impossible for this court to know whether the jury found in favor of appellees on this point or not, hence the giving of the erroneous instruction before referred to will require a reversal of the judgment; and it is therefore ordered that the judgment of the court below be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 19, 1888.