SUN MUTUAL INS. CO. v. G. D. CAMPBELL.

(No. 2853.)

APPEAL from Grayson County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

C. N. BUCKLER, counsel for appellant.

No counsel appeared for appellee.

§ **407.** *Company estopped from setting up conditions of policy, when; case stated.* This is a suit by appellee against appellant upon a policy of fire insurance, in which appellee recovered judgment. The house covered by the policy did not belong to appellees, but to one Miller, and the amount for which it was insured belonged to some minor children, of whose estates appellee was the guardian, the insurance having been effected for the benefit of said minors to secure them in a vendor's lien which they held upon the premises. The application for the policy was prepared by the agent of the company, who at the time had full knowledge of all the facts as to the ownership of the property, and the object for which insurance upon it was sought, and he advised that the application and policy should be in the name of and for the benefit of appellee, and upon his advice appellee took said policy payable to himself. There are two conditions in said policy, as follows: "1. Whenever the assured does not enjoy the full ownership of the property insured, he is required to disclose to the company the nature of his insurable interest, and cause the same to be inserted in the policy; otherwise the insurance shall be null and void." "2. Property held in trust must be insured as such, othwise the policy will not cover such property." Appellant contends that under these conditions the policy in this case is null and void, as the assured's interest in the property is one in trust, he being only the guardian of the real parties in interest; and the case of Ins. Co. v. Camp,

64 Tex. 528, is cited in support of this position. The doctrine of that case is correct, but of no controlling effect when applied to the facts of this case. "In all cases where a mistake is the fault of the agent it may be shown, and, when established, the insurer is bound to respond upon the contract actually made; and this extends not merely to mistakes in the policy, but also to mistakes arising from misadvice of the agent or his misconception of the legal effect of certain conditions." [Wood on Fire Ins. § 407.] In Ins. Co. v. Olmstead, 21 Mich. 246, it is said: "The agent of the insurance company assumed to have all the requisite knowledge for preparing the proper papers, and volunteered to make them out. He had all the necessary information for that purpose, and nothing was concealed from him. If the application is not in due form, and if it fails to give all the information called for, it must be either because the agent was too ignorant of the business to be intrusted with the agency, or he was so reckless and negligent that he did not trouble himself to draft them correctly. . . The general rule undoubtedly is, that, in the absence of fraud, accident or mistake, a party must be conclusively presumed to understand the force of his contracts, and to be bound by their terms. But it cannot be tolerated that one party shall draft the contract for the other and receive the consideration, and then repudiate his obligation on the ground that he had induced the other party to sign an untrue representation, which, by the very terms of the contract, was to render it void. . . It is true that in this case the paper was drawn by an agent; but we do not think that in a legal point of view the rights of the parties are any different from what they would be had the agent himself been insurer. The insurance business of the world is done through agents almost exclusively, and the maxim '*qui facit per alium, facit per se*' applies with special force to their acts." The insurer is estopped from setting up a failure of the policy to state facts required to be stated if the agent issuing the policy

knew at the time that such facts existed. [Ins. Co. v. Ende, 65 Tex. 118; Ins. Co. v. Camp, Sup. Ct. Tex., Tyler Term, 1888; 9 S. W. Rep. 473.]

December 1, 1888.                              Affirmed.