**SOUTHERN MUT. FIRE INS. CO. OF YOAKUM v. MAZOCH BROS.***
(No. 7053.)

(Court of Civil Appeals of Texas. Austin.
Jan. 12, 1927. Rehearing Denied
Feb. 2, 1927.)

1. Insurance ⚌378(3)—Fire insurance soliciting agent has authority to bind insurer by notice as to all matters of fact coming to his knowledge when taking application, which bear upon risk involved or other questions affecting validity of policy.

Agent with authority to solicit fire insurance, transmit applications therefor, make inspection, and report on matters affecting risk has authority to bind company by notice as to all matters of fact coming to his knowledge at time he takes application, which bear upon risk involved, subject-matter of insurance, or other questions affecting validity of policy issued thereon.

2. Insurance ⚌378(3)—Soliciting agent's knowledge, when taking application, of other insurance in excess of total concurrent insurance allowed, was knowledge of insurer.

Knowledge of soliciting agent that there was other fire insurance on property in excess of total concurrent insurance allowed, at time he took application, was knowledge of company.

3. Insurance ⚌375(2)—Soliciting agent could not waive provision of concurrent insurance clause regarding future concurrent insurance.

Agent, having authority to solicit fire insurance, did not have power to waive provision of concurrent insurance clause to effect that policy should be void, if insurance beyond amount agreed to should afterwards be obtained on property without consent of company.

4. Insurance ⚌145(2)—Agent's authority to solicit insurance and send in applications was sufficient to authorize him to take applications for renewals.

Agent's authority to solicit fire insurance and send in applications, inspect risks, etc., was sufficient to authorize him to take applications for renewals.

5. Insurance ⚌665(8)—Evidence held to warrant finding that insurer was estopped to assert that policy was void because of existing concurrent insurance known to soliciting agent.

Evidence that soliciting agent knew of existing concurrent fire insurance in excess of amount permitted by policy *held* to warrant finding that insurer was estopped to assert excess as making policy void.

6. Insurance ⚌668(15)—Evidence held not to warrant submission on theory that soliciting agent had authority to eliminate from fire policy total concurrent insurance clause.

In action on fire insurance policy, evidence *held* not to warrant submission of issues on theory that soliciting agent had authority to

eliminate altogether from policy total concurrent insurance clause as to both insurance then existing and that afterwards taken out.

7. Insurance ⚌669(9)—Charge, submitted on theory that insurer's waiver of concurrent insurance policy in original policy was carried into renewal policy, held erroneous.

In action on fire insurance policy, charge submitting to jury only representations and agreements of soliciting agent, at time original policy was applied for, on theory that waiver of concurrent insurance clause in original policy was carried into renewal policy sued on, *held* erroneous.

8. Witnesses ⚌414(2)—Written application, signed only by soliciting agent, was admissible in corroboration of his testimony only if written at time he got data from insured.

In action on fire insurance policy, application signed only by soliciting agent was admissible in corroboration of agent's testimony to effect that he got information regarding amount of concurrent insurance from insured, only if application was written by him at very time he got data from insured.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Action by Mazoch Bros. against the Southern Mutual Fire Insurance Company of Yoakum. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Luke Mankin, of Georgetown, Henry S. Paulus, of Yoakum, and Edwin Sehorn and John Sehorn, both of San Antonio, for appellant.

Wilcox & Graves, of Georgetown, and Wood & Wood, of Granger, for appellees.

McCLENDON, C. J. Appeal from a judgment upon a special issue verdict in favor of appellees against appellant, in a suit brought by the former against the latter upon a fire insurance policy covering a gin and gin machinery.

The sole defense was that the policy was void because appellees had violated the concurrent insurance clause reading:

"This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid, or not, on the property covered in whole or in part by this policy."

Appellees plead that this provision of the contract had been waived by one Beeson, who procured the insurance and who was the duly authorized agent of the company.

Appellant's first contention is that the evidence does not warrant a finding of waiver because Beeson had no authority to bind the company, he being only a soliciting agent with authority to solicit applications, inspect the property to be insured, report on

the risk, and transmit applications to the home office, where policies were written and whence they were delivered and premiums collected. We sustain appellant's contention that the authority of Beeson, both actual and apparent, was only such as just stated.

The material facts on this issue, which, we find the evidence supports, follow.

Appellees resided at Granger and operated a number of gins, on which they carried insurance in various companies through a local insurance agency at Granger. These policies insured the property under various items, and the total amount of insurance in each policy was distributed over the several items in proportion to the total concurrent insurance allowed. Some time in the fall of 1923, Beeson, who was a traveling soliciting agent for appellant, went to Granger and endeavored to induce appellees to take out insurance with appellant. According to the testimony of appellee I. J. Mazoch, which is corroborated by other witnesses, appellees finally agreed to take out a $6,000 policy in appellant company on gin No. 1, to take the place of a policy in the Liverpool, etc., Company which would expire on December 23, 1923, the understanding being that appellant would issue its policy for the same amount as the Liverpool policy to take effect immediately upon its expiration. The question of additional insurance was discussed, and Beeson was informed that the policies on the property were not then in the office of appellees; that all of the insurance was carried by the local agency referred to, and offered to send to the local agency's office and get the amount of each policy, and also referred Beeson to the local agency. Beeson, however, stated that this was not essential and he did not want to go to the office of a competitor, and stated that as his company was a mutual company, it was not particular about the amount of concurrent insurance and always paid its losses, and that it was only necessary to state the approximate amount, and it would be sufficient to guess at it. Beeson examined an old policy which had expired several years before and took from it the total amount of insurance on the property, but was told at the time it was not correct. No written application was made by appellees, and the information upon which the policy was written was gained by appellant from report of Beeson. The policy was afterwards written by the company and forwarded direct to appellees, who made no examination of it as to the amount of concurrent insurance. It covered the period from December 23, 1923, to December 23, 1924, and provided for total concurrent insurance, including the policy thus issued, of $20,650. As a matter of fact, there was in existence at the time Beeson took the application, and at the time the policy went into effect, $21,250 insurance, including the Liverpool policy which expired on December 23, 1923, and for which the policy which appellant issued was substituted.

Some time during 1923, appellees made improvements on the gin, and took out additional insurance on the property to the extent of about $4,000.

Thereafter and while insurance to that extent existed on the property and shortly before the policy of December 23, 1923, expired, Beeson went to Granger and endeavored to write other insurance for appellant on appellees' property. At that time, according to appellee I. J. Mazoch's testimony, Beeson was informed by him that they had made improvements on the property and had taken out about $4,000 additional insurance thereon, and referred him again to the local agency for the total amount on the property. Beeson again informed appellees that the exact amount of insurance on the property was immaterial to his company and agreed to have the December, 1923, policy renewed when it expired. This policy was renewed for one year on December 23, 1924, by the issuance of another policy identical with the former, except as to the term it covered. It provided, as did the former, for total concurrent insurance of $20,650. No additional insurance was thereafter taken out.

The gin was destroyed by fire in January, 1925. The amount of the loss and extent of liability, if appellant is liable at all, were agreed upon.

Both parties have filed able briefs, citing numerous authorities. We think it is unnecessary to enter into a lengthy discussion of the cases cited. The law applicable to the particular question at issue, we think, is very well established in this state and may be reduced to the following two propositions:

[1] 1. An agent with authority to solicit fire insurance, transmit applications therefor, make inspection, and report on matters affecting the risk has authority to bind the company by notice as to all matters of fact coming to his knowledge at the time he takes the application, which have bearing upon the risk involved, the subject-matter of the insurance or other questions affecting the validity of a policy issued thereon; and the company will be estopped to assert the invalidity of the policy by virtue of the existence of facts existing at the time the application was taken which were within the knowledge of the agent at that time. Ins. Co. v. Camp, 71 Tex. 503, 9 S. W. 473; Ins. Co. v. Everett, 18 Tex. Civ. App. 514, 46 S. W. 95 (writ refused); Ins. Co. v. Wandell (Tex. Civ. App.) 195 S. W. 289; Ins. Co. v. Harrell (Tex. Civ. App.) 247 S. W. 678; 26 C. J. Fire Insurance, §§ 368, 383, and 384.

2. Such an agent, however, has not the power to bind the company with reference to any of the contractual provisions of the policy and cannot waive for the company compliance in the future on the part of the insured

with such contractual provisions. 26 C. J. "Fire Insurance," section 361, and authorities there cited.

[2] Applying these principles to the present case, it should be borne in mind that the concurrent insurance clause related to two matters. First, it provided that the insurance should be void ab initio if the insured had other insurance than that allowed in the policy at the time the policy was issued. Second, it provided that it should become void if the insured should take out additional insurance in the future without the consent of the company. Clearly, under the authorities cited, knowledge of Beeson that there was other insurance on the property in excess of the total concurrent insurance allowed at the time he took the application would be imputed to the company, and the latter would be estopped from asserting the invalidity of the policy by reason of such excess. And the same is true whether or not Beeson actually knew the total amount of insurance on the property, if, in fact, he was told that there was additional insurance, the amount of which appellees did not then know, and was informed where he could get the exact information on the subject. The effect of the transaction as detailed by appellees was to charge appellant with notice that there was additional insurance on the property and to furnish them with the information whereby its amount could be ascertained. Issuance of the policy without further inquiry would estop appellant from asserting the invalidity of the policy by reason of the fact that there was, when the policy was issued, concurrent insurance on the property in excess of the amount stipulated therein.

[3] It is equally clear from the authorities that Beeson did not have the power to waive the provision of the concurrent insurance clause to the effect that the policy should be void if insurance beyond the amount agreed to should afterwards be obtained on the property without the consent of the company.

[4, 5] Beeson's authority to solicit insurance and send in the applications, inspect the risks, etc., was clearly sufficient to authorize him to take applications for renewals, and the above evidence was clearly sufficient to bring notice to the company that further additional insurance had been taken out on the property and to inform them where they could obtain the exact information concerning it. The evidence does not show any additional insurance was taken out other than the renewal policy of December 23, 1924, after Beeson took the application for that renewal. The evidence was therefore sufficient to warrant recovery on the ground of waiver or estoppel based upon information coming to Beeson's knowledge at the time the application for the December, 1924, renewal policy was taken.

[6, 7] The issues submitted to the jury were predicated upon the theory that the evidence was sufficient to sustain a finding that Beeson had the actual or apparent authority to waive altogether the concurrent insurance clause, both as to insurance then existing and that afterwards taken out, and that this waiver was carried into the 1924 renewal policy. The contention of appellees, both in the trial court and this court, is that the evidence would support a finding that Beeson had the authority to eliminate altogether from the policy the total concurrent insurance clause. As above stated, this proposition is incorrect and we overrule it. Seasonable objections were made to the court's charge which submitted to the jury only the representations and agreements of Beeson at the time the 1923 policy was applied for. No issue was submitted with reference to the knowledge of Beeson or the representations or agreements made by him at the time he took the renewal application for the 1924 policy. We sustain these objections to the court's charge, for the reason that it submitted to the jury an entirely erroneous theory of recovery.

[8] The only other question presented is with reference to the exclusion of the written application on which the 1923 policy was issued. As already stated, this application was not signed by appellees or any one representing them, but only by Beeson. It is quite lengthy and clearly was not admissible in toto. Appellant did not offer any particular part of the application, but offered it as a whole and took a bill of exception to its exclusion. It is now contended that the portion of the application which gives the total amount of concurrent insurance as $20,650 distributed over various items was admissible in corroboration of Beeson's testimony to the effect that he got the information with reference to the amount of insurance from appellees. Beeson's testimony is not clear as to whether he made out the written application at the time he took the verbal application from appellees, or made it later from data he then acquired. If, in fact, the application was written by him at the very time he got the data from appellees, this portion of the application would be admissible along with his other testimony as a corroborating circumstance. But, if made at a later time, it would not be admissible. The probative force of the application we regard as very slight. Beeson testified that he got the information regarding the total amount of insurance from the Liverpool policy shown him at the time by appellees. The testimony of I. J. Mazoch and one of appellees' employees is to the effect that the data taken down by Beeson was from an old policy which had expired a number of years before, and Beeson was then advised that the amount there-

in stated was not correct at that time. There is little correspondence between the amounts on the several items in the application prepared by Beeson and the amounts stated in the Liverpool policy; and the total of these items is $20,650 in the application, and $21,-250 in the Liverpool policy. It is clear, therefore, that the items in the application written by Beeson were taken either from some former policy which had expired or were arrived at by guesswork. The application, therefore, would seem rather to corroborate appellees' theory than that of appellant, and its exclusion could hardly have been prejudicial. However, upon another trial, if it is shown that the figures were inserted in the application at the time the verbal application was taken from data furnished by appellees, it ought to be admitted for whatever it is worth.

For the errors pointed out, the trial court's judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.