## LAW v. TEXAS STATE MUT. FIRE INS. CO. (No. 1135—5080.)

Commission of Appeals of Texas, Section A. Jan. 9, 1929.

Walter Miller and J. W. Thomas, both of Belton, for plaintiff in error.

Tyler & Hubbard and James B. Hubbard, all of Belton, for defendant in error.

NICKELS, J. We refer to the opinion of the Court of Civil Appeals, 3 S.W.(2d) 505, for a general statement of the case.

The second stipulation as reproduced in the opinion of the Court of Civil Appeals is tantamount to an unqualified declaration that "the agents of this company" have "authority to represent it * * * in the solicitation of applications for insurance."

Scott testified that he was (at date of trial) "a solicitor of fire insurance for * * * Texas Mutual Fire Insurance Company," and had been such for a period including dates of the policies sued upon. "I just take a written application from the person whom I am soliciting and send that into the home office and they pass on whether or not they will issue the policy."

Law, having procured the two policies through Scott, went to him (in 1925) for a third, and because he thought his company "would not carry any more insurance on said property, since it was occupied by a tenant," Scott declined the application. Unless his authority was broader than such as is disclosed in the testimony quoted, he ought to have reduced the application to proper form and have submitted it to the "home office." In that immediate connection he acquired knowledge that Law proposed to get additional insurance, and immediately thereafter got knowledge that the additional insurance had been effected through another agent. He did not protest at any time; on the contrary, he assured Law "it would be all right with him and his company." ...

In deference to contentions in behalf of the insurer, we assume Scott's capacity to have been that of "soliciting agent." Even so, the information given by Law was given him as such and in connection with an effort to have Scott perform his duty as such. The knowledge thereby acquired related to the "very subject-matter" with which Scott was authorized to represent the company, i. e., taking or procuration of an application for insurance (with information touching the "risk"), forwarding of same to the "home office," etc. And, upon familiar principles, Scott's knowledge became that of his company. Missouri, K. & T. Ry. Co. of Texas v. Belcher, 88 Tex. 549, 551, 32 S. W. 518.

Thereupon a duty of election was owed by the company and to the policyholder, whose performance was not undertaken until

after the fire, and that was too late. It had kept the unearned premium and, thus had use of money which belonged to Law, if the policies had become "void," and Law was probably misled to his injury if the policies are now void. Hence, estoppel preserved enforceability of these stipulations inserted for Law's benefit. Crescent Insurance Co. v. Griffin & Shook, 59 Tex. 509, 513; Morrison v. Insurance Co. of North America, 69 Tex. 353, 363, 6 S. W. 605 (5 Am. St. Rep. 63).

We put the decision on estoppel, which operates despite or without regard for intention, and not on actual waiver, which rests in intent, nor yet on Scott's consent to additional insurance. Cf. East Texas Fire Insurance Co. v. Blum, 76 Tex. 653, 662, 13 S. W. 572.

Restrictions of authority named in the stipulation secondly quoted in the opinion of the Court of Civil Appeals have relation to agents and not to the principal. They present no obstacle to waiver by the company in any manner it might choose (Morrison v. Insurance Co. of North America, supra), and much less do they interfere with estoppel.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be affirmed.

HARVEY, P. J., dissents.

CURETON, C. J., Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.