## SOUTHERN UNDERWRITERS v. JONES et al.   (No. 721.)

Court of Civil Appeals of Texas. Waco.
Jan. 17, 1929.

Rehearing Denied on Appellant's and Appellees' Motions Feb. 14, 1929.

Hamilton, Frank & Hamilton, of Dallas, for appellant.

Wear, Stollenwerck & Wear, of Hillsboro, for appellees.

GALLAGHER, C. J.   J. R. Jones, hereinafter styled appellee, instituted this suit against the Southern Underwriters, an unincorporated association, hereinafter styled appellant, to recover the sum of $4,000 on a fire insurance policy issued to him by appellant on a storehouse in Mt. Calm, Tex. Appellee made W. D. Jones a party defendant, and alleged that he was indebted to him and that the policy sued on contained a clause making the loss thereunder, if any, payable to him as his interest might appear.

The case was tried to a jury. Appellant requested a peremptory charge in its favor, which was refused. The court instead charged the jury peremptorily to return a verdict against appellant in favor of W. D. Jones for the sum of $2,300, the amount shown to be due to him as a lien holder on the building, and in favor of appellee J. R. Jones for the sum of $1,700, with interest from February 10, 1927, on the sum of $4,000, the face of the policy. A verdict was returned in accordance with such charge and judgment rendered thereon. There is no contention that there was any controverted issue of fact to be submitted to the jury.

### Opinion.

Appellant has assigned as error the action of the court in refusing to instruct a verdict in its favor. Its contentions thereunder are submitted in eight separate propositions. All said propositions are based on its principal contention that the policy sued on was void

and unenforceable because of a breach of the concurrent insurance clause contained therein. Appellee owned and occupied a one-story brick storehouse in Mt. Calm. He had a fire insurance policy thereon for the sum of $4,000, issued by the Millers' Mutual Fire Insurance Company. The premium had been paid thereon to March 8, 1927. Said policy contained a clause limiting concurrent insurance to the sum of $4,000, including such policy. On November 18, 1926, Mr. King, a representative of appellant, approached appellee and solicited insurance. Appellee informed him that he had $4,000 insurance on said building. Mr. King offered to write $4,000 additional insurance thereon, and appellee signed a written application therefor. Mr. King asked for the Millers' Mutual insurance policy to send appellant with the application, and such policy was delivered to him. He transmitted said application and said policy to appellant. Appellant's manager testified that he had the same before him and examined the same when he issued the policy sued on. He returned both policies to appellee by mail with a letter stating that its policy was issued as per instructions of its representative Mr. King, and that it was therewith returning the Millers' Mutual policy which Mr. King had sent for its information. Appellant's agent saw the building at the time he took said application for additional insurance. There is no contention that said application contained any misrepresentations, nor that any misrepresentations were made by appellee to appellant's representative at the time the same was taken. Appellant's manager testified on the trial of the case that he wrote the policy sued on in person in accordance with the terms of the application and in conformity with the Millers' Mutual policy, including the provisions thereof with reference to concurrent insurance; that he was not issuing an additional policy on the property, but issuing one to take up another policy; that he had no communication from either Mr. King or appellee except said application, which was for a $4,000 policy and made no reference to the Millers' Mutual policy which was submitted therewith. There was no testimony with reference to the actual authority of the soliciting agent. Appellee paid the premium on the policy sued on within the time required by appellant. Appellant's policy contained the following clauses:

"No insurance attaches under any of the above items unless a certain amount is specified and inserted in blank space immediately preceding the item. Total concurrent insurance permitted, including this policy $4,000.00, as follows: $4,000.00 on building."

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not on property covered in whole or in part by this policy."

The building insured was destroyed by fire on February 10, 1927, while both said policies were or purported to be in force. There is no contention that appellee was in any way responsible for said fire. He testified that the building was "absolutely totally destroyed" and not fit for anything. This suit was filed to recover on said policy on October 25, 1927. Appellant, on November 25, 1927, filed an answer herein, in which it alleged that the existence of said Millers' Mutual policy constituted a breach of said provisions with reference to concurrent insurance, and that by reason thereof said policy was rendered void and unenforceable.

An insurance company which issues and delivers a policy and accepts the premium thereon, with knowledge of existing facts which, if insisted on, would invalidate such policy from its very inception, waives conditions thereof inconsistent with the facts so known, and is estopped from thereafter asserting the breach of such conditions in avoidance of liability thereon. Liverpool & London & Globe Ins. Co. v. Ende, 65 Tex. 118, 123; Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 554, 555, 50 S. W. 569; Ætna Ins. Co. v. Holcomb, 89 Tex. 404, 410, 34 S. W. 915; Crescent Ins. Co. v. Camp, 71 Tex. 503, 507, 9 S. W. 473; Camden Fire Ins. Ass'n v. Sutherland (Tex. Com. App.) 284 S. W. 927, 928, 929; National Fire Ins. Co. v. Carter (Tex. Com. App.) 257 S. W. 531, 532, par. 2; St. Paul Fire & Marine Ins. Co. v. Kitchen (Tex. Com. App.) 271 S. W. 893, 894; Standard Life & Acc. Ins. Co. v. Davis (Tex. Civ. App.) 45 S. W. 826; 14 R. C. L. p. 166, par. 346; 26 C. J. pp. 313, 314, § 389.

Such a company is bound, not only by knowledge of the existing facts possessed by its agent who actually consummates the contract by accepting the application and issuing a policy thereon, but also by the knowledge of such facts acquired by its agent in soliciting, receiving, and forwarding the application, though not communicated to it. We quote on this proposition from Southern Mutual Fire Ins. Co. v. Mazoch Bros. (Tex. Civ. App.) 291 S. W. 257, 258, as follows: "An agent with authority to solicit fire insurance, transmit applications therefor, make inspection, and report on matters affecting the risk has authority to bind the company by notice as to all matters of fact coming to his knowledge at the time he takes the application, which have bearing upon the risk involved, the subject-matter of the insurance or other questions affecting the validity of a policy issued thereon; and the company will be estopped to assert the invalidity of the policy by virtue of the existence of facts existing at the time the application was taken which were within the knowledge of the agent at that time. [Crescent] Ins. Co. v. Camp, 71 Tex. 503, 9 S. W. 473; [German] Ins. Co. v.

Everett, 18 Tex. Civ. App. 514, 46 S. W. 95 (writ refused); [Camden Fire] Ins. Co. v. Wandell (Tex. Civ. App.) 195 S. W. 289; [Equity Mut. Fire] Ins. Co. v. Harrell (Tex. Civ. App.) 247 S. W. 678; 26 C. J. Fire Insurance, §§ 368, 383, and 384."

■ In this case appellant's general manager, who issued the policy sued on, knew at the time that appellee had a policy for $4,000 on his said store building in the Millers' Mutual. Appellant's soliciting agent King necessarily knew the general appearance of the building, since he solicited this insurance therein. He also knew that appellee was relying on the protection promised by the policy which he then held and that he was applying to appellant for another policy for a like amount as additional protection from loss in case of fire. There was no attempt to show that his authority as a soliciting agent was in any way restricted. If appellant's general manager at the time he issued and delivered the policy sued on misunderstood the situation or misconceived appellant's purpose in applying therefor, such misunderstanding or misconception was not induced by anything said or done by appellee and he was in no way responsible therefor. Appellant knew or was charged with knowledge of the existence of the actual facts at the time of such issuance, and it cannot, after the building has been destroyed by fire, urge his misunderstanding or misconception thereof in avoidance of its liability on such policy.

■ Appellant complains of the action of the court in charging it with interest on the amount of the policy from the date of the fire. The policy provided that the loss thereunder should be payable 60 days after the receipt of due notice, ascertainment, and satisfactory proof of such loss. There is no evidence that any proof of loss was ever prepared and forwarded to appellant. Neither is there any evidence that appellant denied liability prior to the filing of this suit. Appellant did, however, in its answer filed November 25, 1927, deny liability. Appellee is entitled to legal interest on his demand from that time. Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779, 781, 782. The amount recovered by appellee exceeds the amount for which appellant is liable in the sum of $190. We have considered all the other propositions submitted by appellant as ground for reversal, and are of the opinion that none of them require or justify remanding the cause for another trial. The judgment of the trial court is so reformed as to allow appellee a recovery against appellant for the sum of $1,772 only, with interest thereon at the rate of 6 per cent. per annum from March 12, 1928, the date of the trial in the court below. The judgment of the trial court as so reformed is affirmed. The costs of appeal are adjudged against appellee.