## COLEMAN MUT. AID ASS'N v. CLARK.
### No. 7884.

Court of Civil Appeals of Texas. Austin.
July 26, 1933.

Rehearing Denied Sept. 27, 1933.

Critz & Woodward, of Coleman, for appellant.

H. L. Livingston and Jno. Harris, all of Coleman, for appellee.

BLAIR, Justice.

Appellee sued appellant on its policy of insurance, wherein, under the schedule of section 4, sub. 7, it agreed to pay appellee not over $250, if he "shall accidentally break both bones of either arm"; appellee alleging that he had broken both bones of his right arm. As defense, appellant alleged that the policy provided "that if said member has any other insurance in any other company or association whatever covering or indemnifying against injuries covered by said Subdivision (7) * * * above, then this Association shall not be liable under said Subdivision (7) * * * for any injuries whatever, accidental or otherwise, suffered by said member"; that at and prior to the time appellee received his injuries herein complained of he carried a policy of insurance with the Winters Mutual Aid Association, wherein it agreed to pay him $250 if he should accidentally break both bones of either arm; and that the Winters Association paid appellee $250 for the same injuries sued for herein. In reply appellee alleged that at the time the policy in suit was issued and delivered, and continuously thereafter, appellant knew that appellee was carrying insurance with the Winters Association; that appellant made no protest thereto, but continued to collect from appellee assessments and dues covering the injuries complained of; that appellant had at no time made any tender of the assessments and dues so collected to appellee; and that, by reason of these facts, appellant waived the provision of the policy against other insurance, and was estopped to assert same as a defense to this suit.

A trial to the court without a jury resulted in judgment for appellee for $250, with interest, as prayed; hence this appeal.

The policy in suit obligated appellant to pay appellee not over $250 if he "shall accidentally break both bones of either arm." It contained the above-quoted provision of non-liability if appellee should carry insurance in any other company or association, covering the same character of accidental injuries. The application for the insurance contained certain questions, which, with the answers of appellee thereto, read: "Do you carry other mutual insurance?" "Yes." "What company?" "Winters." At the time appellee applied for the insurance and continuously thereafter he held a policy of insurance in the Winters Mutual Aid Association, which obligated it to pay him $250 if he should accidentally break both bones of either arm. He accidentally broke both bones of his right arm, and the Winters Association paid him $250 for such injuries, which were the same injuries sued for herein. Appellant assessed and collected from appellee the full amount of the assessments and dues covering the injuries sued for herein for almost one year, and at no time has appellant offered to return such assessments and dues to appellee. From this evidence the trial court found that appellant had issued the policy and collected and retained the assessments and dues covering the injuries sued for herein, with full knowledge that appellee carried other insurance covering the same injuries; and therefore concluded that appellant had waived the condition against other insurance, and was estopped to assert such defense to this suit.

■ The law is well settled that "the issuing of a policy and the retention of the premium with full knowledge that other insurance exists waives the condition against other insurance." 24 Tex. Jur. 1020, § 225; Southern Underwriters v. Jones (Tex. Civ. App.) 13 S. W.(2d) 435; Southern Mutual Co. v. Mazoch (Tex. Civ. App.) 291 S. W. 257; Id. (Tex. Civ. App.) 7 S.W.(2d) 1119; St. Paul F. & M. Co. v. Cronin, 62 Tex. Civ. App. 440, 131 S. W. 649; Standard Life Co. v. Davis (Tex. Civ. App.) 45 S. W. 826. These and other cases also hold that an insurer, knowing that an insured has other insurance, cannot tacitly consent thereto by issuing and delivering its policy and collecting the premium, and then, after loss or injury, set up for the first time breach of condition against other insurance; but that such insurer is estopped to set up the breach of the condition against other insurance. St. Paul F. & M. Co. v. Stell (Tex. Civ. App.) 20 S.W.(2d) 399; Mecca Fire Ins. Co. v. Smith (Tex. Civ. App.) 135 S. W. 688; Law v. State Mutual Ins. Co. (Tex. Com. App.) 12 S.W.(2d) 539; Id. (Tex. Com. App.) 16 S.W. (2d) 277.

■ But appellant contends that there is no testimony showing that it had any knowledge of the terms and conditions of the policy of insurance carried by appellee with the Winters Association. In his application for the insurance in suit appellee informed ap-

pellant that he was carrying insurance with the Winters Association. An insurance company is charged with notice of all facts disclosed by the application for the policy. 32 C. J. 1321, 1322; Queen Ins. Co. v. May (Tex. Civ. App.) 43 S. W. 73. The application gave appellant notice that appellee carried mutual insurance with the Winters Association, and therefore disclosed sufficient facts to put appellant upon inquiry as to the character of such insurance under the rule that "whatever is sufficient to put a person on inquiry is sufficient to affect him with notice of such facts as he might be presumed to learn upon reasonable inquiry." Bowles v. Belt (Tex. Civ. App.) 159 S. W. 885; Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363. Should it be the contention of appellant that the questions and answers given by appellee in the application for the insurance was insufficient, either as to notice of other insurance or as to its character, then appellant is precluded in that contention by the settled rule that, "where a question appears upon the application to be unanswered or imperfectly answered, the company issuing the policy without further inquiry waives the imperfection and renders it immaterial." 32 C. J. 1343; Royal Neighbors of America v. Sims, (Tex. Civ. App.) 216 S. W. 240.

Appellant further contends that the nonliability provision because of other insurance did not render the insurance for the injuries complained of void from the date of the certificate, in that the nonliability did not depend upon a condition existing at the time the certificate was issued, but upon a condition existing at the time of the accident; and that whether the liability should attach was therefore left with appellee. The contention is not sustained. The certificate did not provide that liability for the insurance should attach only upon conditions existing on the date of a possible accident. It insured appellee against the injuries complained of from the date of the certificate. The other insurance pleaded by appellant as rendering the nonliability provision effective was in existence on and before the date the certificate was issued, and appellant knew of its existence when the certificate was issued, and it collected and retained the premiums covering the injuries complained of from the inception of the insurance contract. Appellant did not demand or require appellee to drop the insurance he was carrying with the Winters Association, and the undisputed evidence shows that appellant issued the certificate and collected and retained premiums covering the injuries complained of with full knowledge that appellee was carrying such insurance. Clearly appellee had the right under these facts to assume that appellant intended to waive the provision against other insurance.

The judgment of the trial court will be affirmed.

Affirmed.