· ADAMS v. LASALLE LIFE INS. CO.

No. 1797.

Court of Civil Appeals of Texas. Waco.
Oct. 29, 1936.

Rehearing Denied Dec. 3, 1936.

Brownlee & Brownlee, of Madisonville, for appellant.

Earl W. Gammage, of Houston, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the district court denying appellant, Dodd C. Adams, a recovery on a life insurance policy issued to his brother, Robert H. Adams, in which policy appellant was beneficiary. Appellee is a mutual life insurance corporation, operating under the provisions of chapter 245, General Laws of the Regular Session of the 43rd Legislature, embraced in Vernon's Annotated Statutes as article 4859f. Appellee's agent,

Wheelis, solicited and received from said Robert H. Adams an application to appellee for a life insurance policy in the sum of $1,250. The testimony with reference to what passed between said agent and the applicant is rather vague. There is, however, affirmative evidence that at and prior to the time said application was prepared, executed, and delivered, said agent was specifically informed that the applicant was suffering from cancer. There was testimony that the same was on the side of his head and necessarily apparent to any one who looked at him. Said application contained a statement that the applicant was not afflicted with such disease. Who wrote said application and how such statement came to be inserted therein was not shown, but there was testimony that appellee's said agent asserted that the fact that the applicant was afflicted with cancer did not make any particular difference. Said application authorized the agent taking the same to collect from the applicant a first premium in the sum of $2.30. Appellee, the beneficiary in said policy, paid said agent in connection with the taking of such application, a total of $8.35, $2.30 of which was premium and the remaining $6.05 appellant, in his testimony, called commission. Nothing in either the application or the testimony showed that said agent had any authority from appellee to charge and collect a commission in addition to the first monthly premium. Appellee received said application, and on January 23, 1934, issued and mailed to the insured the policy sued upon herein. According to the testimony, none of appellee's officers or agents at the home office knew at the time that the insured was afflicted with cancer, or any other disease affecting his eligibility for such insurance. Appellant paid to appellee at its home office the monthly premiums of $2.30 each for the following February and March. The insured died on the 18th day of April, 1934, and his death was the direct result of said cancer.

The application aforesaid contained a declaration that the applicant had read and understood all statements and answers contained therein and warranted the same to be true, and that he agreed that, if any of them were not full, true, and complete, the policy issued thereon should be void. Said application contained an express stipulation that no liability should exist until such policy was delivered to applicant while in good health, and that he should be governed by appellee's by-laws. A copy of such application was not attached to the policy, as provided by section 11 of said chapter (Vernon's Ann.Civ.St. art. 4859f, § 11). The policy issued on said application contained provisions that no obligation was assumed unless the premium therefor was actually paid while the insured was in good health; that the application was made a part thereof; and that only certain executive officers had authority to make or modify such policy, and then only in writing. Appellee's by-laws contained a provision that no agent should have power to waive, change, or alter any provision of either the application or policy; that no representation made by an agent and not contained in application or policy should bind the company, and that knowledge of any agent of the ineligibility of any applicant, under the provisions of either application or policy, to obtain insurance, should not be imputed to the company.

Appellant alleged in his petition herein the material facts necessary to support a recovery according to the face of the policy. Appellee pleaded a breach of the provisions of both the application and policy, as above recited, in avoidance of liability, and tendered to appellee $6.90, the amount of the first premium of $2.30 paid by him to the soliciting agent Wheelis and two subsequent monthly premiums of $2.30 each paid by him to and received by appellee at its home office as hereinbefore recited. Appellant alleged that, since appellee's agent knew at the time he took the application and collected the first premium that the applicant was afflicted with cancer, such knowledge was imputed to appellee, whether communicated to it or not, and that its home office, by issuing and delivering the policy and accepting two subsequent monthly premiums thereon, waived the ineligibility of the insured and was estopped to assert the same as a defense to appellant's demand.

The case was tried before a jury, but at the close of the testimony the court, with the consent of both parties, discharged the jury, and later rendered judgment for appellant for the sum of $12.95, the total amount paid by appellant to appellee and its agent as aforesaid, and denied him any further recovery.

The court filed findings in accordance with the facts hereinbefore recited, and concluded as a matter of law that appellee was absolved from liability because the insured was afflicted with cancer at the

time the policy was delivered to him as aforesaid.

## Opinion.

■ Appellant contends that the knowledge which appellee's agent Wheelis was shown to have possessed at the time he took and forwarded the application was legally imputed to appellee when it accepted such application, issued the policy, mailed it to the insured, and accepted the subsequent premiums. It is a settled rule of law that notice to an agent, while acting within the scope of his authority and with reference to a matter over which his authority extends, is notice to the principal. 2 Tex.Jur. p. 563, § 158, and authorities cited in note 13; Missouri, K. & T. Ry. Co. v. Belcher, 88 Tex. 549, 551, 32 S.W. 518; Mitchell v. Federal Mortg. Co. (Tex. Civ.App.) 45 S.W.(2d) 649, 650, par. 1, and authorities there cited; Lee v. Mutual Protective Ass'n of Texas (Tex.Civ.App.) 47 S.W.(2d) 402, 406, par. 7, and authorities there cited; 2 C.J. p. 859, § 542. The basis for this rule deemed preferable by our Supreme Court is that, when a principal has consummated a transaction in whole or in part through an agent, it is contrary to equity and good conscience that he should be allowed to avail himself of the benefits of the agent's participation without becoming responsible for the agent's knowledge as well as his acts. Irvine v. Grady, 85 Tex. 120, 124, 19 S. W. 1028; Texas Loan Agency v. Taylor, 88 Tex. 47, 49, 29 S.W. 1057; 2 Tex.Jur. p. 565, § 159, and authorities cited.

■ These general principles of the law of agency apply to insurance companies and associations. So that, when such a company has delegated to an agent some duty to be performed in its behalf, knowledge or notice relevant to the transaction involved acquired by such agent in connection therewith is imputed to it. The distinction between the right of a principal to limit the authority of his agent and his right to exempt himself from the effect of the knowledge or notice acquired by such agent in connection with the exercise of the authority so conferred, was clearly and ably drawn by Judge McClendon while serving on the Commission of Appeals, in the case of Calhoun v. The Maccabees, 241 S.W. 101, 102, et seq. While we refer to the opinion in that case as a whole, we quote as especially applicable to the issue here under consideration a portion of paragraph 2 of said opinion, as follows:

"It is also well established that the general principles of the law of agency apply to these associations in like manner as to other associations and individuals. Where, therefore, the association has delegated to a local body or officer some duty to be performed for the association, the latter is bound by the acts of the agent within the scope of the delegated duties, upon the principle that the acts of the agent within the line of his delegated duties are, as a matter of law, the acts of the principal. *The principal is also charged, as a matter of law, with knowledge of the acts of the agent within his official duties; and knowledge or notice acquired by the agent in the performance of those duties is, as a matter of law, imputed to the principal.* 29 Cyc. p. 42." (Italics ours.)

Such holding was approved and followed by a Special Supreme Court in Bailey v. Sovereign Camp, W. O. W., 116 Tex. 160, 286 S.W. 456, 457, pars. 4 to 7, inclusive, 288 S.W. 115, 47 A.L.R. 876, and also by our present Supreme Court by adopting an opinion prepared by Judge Ryan of the Commission of Appeals in Modern Woodmen of America v. Harper, 94 S.W.(2d) 156 et seq., pars. 3 and 7 to 9, inclusive. In both the latter opinions the cases of The Maccabees v. Johnson (Tex.Civ.App.) 273 S.W. 612, 613, and Sovereign Camp, W. O. W., v. Hines (Tex.Civ.App.) 273 .S.W. 927, were expressly approved. See, also, Brotherhood of Railroad Trainmen v. Smith (Tex.Civ.App.) 36 S.W.(2d) 771, 773 (2nd column), and authorities there cited. The rule of imputed knowledge announced and followed in the foregoing authorities is applicable to information acquired by a mere soliciting agent in taking an application for insurance, notwithstanding such agent was by the express terms of the policy denied authority to make, alter, or discharge contracts or waive forfeitures. Terry v. Texas Prudential Ins. Co. (Tex. Civ.App.) 77 S.W.(2d) 761, 763 et seq., and authorities there cited. See, also, Law v. Texas State Mutual Fire Ins. Co. (Tex. Com.App.) 12 S.W.(2d) 539; Id. (Tex. Com.App.) 16 S.W.(2d) 277; Southern Mut. Fire Ins. Co. v. Mazoch Bros. (Tex. Civ.App.) 291 S.W. 257, 258, pars. 1 and 2, and authorities there cited; 32 C.J. p. 1325, § 575, and authorities cited in note 60; 26 C.J. p. 296 et seq., § 368, and authorities cited in notes 94 and 95. Absent some particular and sufficient reason for denying the application of the rule announced in the foregoing authorities, the appellee

was charged with notice of the fact that the insured was afflicted with cancer at the time it accepted his application, issued and mailed the policy to him and accepted from appellant the subsequent premiums. Appellee cites in this connection the case of Southern Surety Co. v. Benton (Tex. Com.App.) 280 S.W. 551, 553, pars. 4 and 5. The opinion of the Commission of Appeals in that case was not adopted by the Supreme Court. See in this connection, Hager v. Stakes, 116 Tex. 453, 294 S.W. 835, 838, par. 1, and authorities there cited. If, however, the disposition made of that case by the Supreme Court implies approval of the holding relied on by appellee, nevertheless such holding appears to be based in part at least on the application, which the court was required to consider under the facts in that case, whereas in this case consideration of the application as the basis of any defense urged by appellee is inhibited by the express terms of the act. Apparently, the majority if not all the cases cited by appellee involve facts upon which they may be distinguished from the case at bar. Regardless of these considerations, we think the recent case of Modern Woodmen of America v. Harper, supra, in which the opinion of the Commission of Appeals was adopted by the Supreme Court, is sufficiently comprehensive to sustain the application of the rule of imputed knowledge in this case. See in this connection, National Bank of Commerce v. Williams, 125 Tex. 619, 623, 84 S.W.(2d) 691, 692, par. 4.

 The court, as hereinbefore recited, based the judgment rendered in favor of appellee on the fact that the insured was afflicted with cancer and therefore not in good health at the time the policy was mailed to and received by him. The right, in appropriate cases, to avoid liability on a policy on that ground is not statutory but contractual. Wright v. Federal Life Ins. Co. (Tex.Com.App.) 248 S.W. 325, 326, par. 1, and authorities there cited. The contractual provision relied on by appellee to authorize it to avoid the policy in event the insured was not in good health at the time such policy was delivered to him was contained in the application, and not elsewhere. Neither said application nor a copy thereof was attached to the policy. Section 11 of the act under which appellee was doing business specifically provides that nothing in any application shall constitute a defense to an action on the policy is-

sued thereon unless a copy of such application is attached to the policy. This provision is not limited or modified by any other provision contained in the act, and section 19 thereof (Vernon's Ann.Civ.St. art. 4859f, § 19) excludes the application to companies doing business thereunder of any other general statutes relating to insurance. We are therefore of the opinion that appellee cannot invoke the stipulation so relied upon as a defense in this suit.

 Appellee seeks to avoid the rule of imputed knowledge of the ineligibility of the insured on a further stipulation contained in the application that the applicant agreed to be governed by the by-laws of the company. Said by-laws, as hereinbefore recited, provided that knowledge of any mere agent of the company of the ineligibility of an applicant to obtain insurance should not be imputed to the company. The manifest purpose of this by-law was to attempt to relieve appellee from the effect of the rule of law imputing to it knowledge or notice of facts affecting the eligibility of an applicant to obtain insurance, acquired by a soliciting agent at the time and in connection with the taking of his application. Section 11 of the act under which appellee is doing business contains a provision that "any person who shall solicit an application for insurance upon the life of another shall in any controversy between the insured and his beneficiary and the company issuing any policy upon such application, be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have power to waive, change or alter any of the terms or conditions of the application or policy." Appellee does not deny that said Wheelis was its agent, nor does the appellant contend that such limitation on his power was not effective. Appellant does not, however, admit that said provision of appellee's by-laws was valid or effective. See in this connection, Grand Lodge F. & A. M. v. Harris (Tex.Civ.App.) 17 S.W.(2d) 96, 97, par. 1, and authorities there cited. Section 10 of said act (Vernon's Ann.Civ.St. art. 4859f, § 10) authorizes companies doing business thereunder to adopt by-laws, but requires them to provide in all policies issued that the same shall be subject thereto. Appellee attempted to comply with such requirement by a recitation to that effect contained only in the application. As hereinbefore stated, neither said application nor

a copy thereof was attached to the policy, and appellee, for that reason, cannot base any defense on such recital. Appellee cannot invoke said specific provision of its by-laws for the further reason that the same was not pleaded by it. The question of the validity of such by-law is therefore not before us for determination at this time.

The judgment of the trial court is reversed, and the cause remanded.