THE TEXAS MUTUAL LIFE INSURANCE COMPANY v. MORDELLS
S. MUNSON ET AL.

LIFE INSURANCE — PAYMENT OF PREMIUM BY DRAFT.— Where the premium assessed against a policy-holder in a life insurance company is paid by a draft on a third party, and same accepted and receipted for by the company, action against assured was not on the policy, but upon the draft.

APPEAL from Galveston county. Opinion by WATTS, J.

STATEMENT.— Appellees as executors of the last will of S. S. Perry, deceased, brought this suit against appellant September 21, 1875, to recover $2,000 and interest on a policy of insurance issued by appellant on the life of Stephen S. Perry, making the policy part of the petition; said policy was dated May 20, 1873.

The petition represented a compliance by the deceased with all the stipulations and conditions specified in the statute, among which was the payment of premiums by the deceased. That he died in the county of Brazoria on the 15th day of September, 1874, and that satisfactory proofs were made and presented to the company on the 20th of the same month; that the company refused to pay the amount of the policy, etc.

The appellant answered that the assured had failed to pay the premium due May, 1874, and that his policy had been indorsed forfeited before his death.

The appellees averred the payment to have been made in draft upon Hendly & Co., and that the same was accepted by the company as a payment of the premium. This was denied by the company.

November 22, 1876, the cause was tried before the court and resulted in a judgment in favor of appellees for $1,907.79. This appeal was taken from that judgment. The principal error assigned is that the judgment is against and not supported by the evidence.

OPINION.— Only one question is presented by the record that it is deemed necessary to consider in disposing of this appeal. That is, was the acceptance by the company of the draft on Hendly & Co., and the delivery of the receipt to the assured, a payment of the premium?

By the stipulations contained in the contract of assurance the president and secretary of the company were alone authorized to sign receipts for premiums and to waive forfeitures.

Some seventeen days after the premium about which this controversy arose had become due the general agent of the company applied to the assured for payment of the same, and agreed to accept the assured's time draft on Hendly & Co. for the premium; the interest for the delay was counted in, and the receipt for the premium, signed by the secretary of the company and countersigned by the general agent, was at the same time delivered to the assured; the draft was accepted by the company; there was nothing said by either party as to the effect of non-payment of this draft by Hendly & Co. It was shown that the company had been in the habit of receiving deferred drafts for premiums.

In the case of the Life Insurance Company *v.* Ray, 50 Tex., 518, it was averred that the payment of the premium had been made to the agent by the assured with his draft on a third party, which was accepted as a payment; the company replied that the agent had no authority to accept such drafts in payment for premiums. Chief Justice Moore, delivering the opinion of the court, said: "Concede that the appellant forbade its agents to accept drafts or bills in payment of their policies, the want of authority of the agent to receive payment in this way might be waived and such payment acquiesced in and accepted by the company. There was, unquestionably, evidence tending to prove that such was the fact in respect to this policy. If so, the payment was just as valid and effectual as if it had been made in cash."

There is no question about a want of authority in this case; the act was that of the general agent, and the draft was accepted by the company without objection.

If the acceptance of the draft was not a payment of the premium, and the non-payment of it was ground for a forfeiture, why, then, after its dishonor, did the company write to the assured urging him to promptly remedy the matter?

These extreme and harsh forfeitures contained in policies of assurance are no favorites with courts. And that construction of the policy or acts of the company which leads to the enforcement of the same will not be eagerly sought for, if another construction, equally as just, and which precludes the exercise of a right of forfeiture, may be applied.

The conclusion arrived at by the court below, that the acceptance of the draft by the company, and the delivery to the assured of the receipt, was a payment of the premium, is fully sustained by the facts and circumstances of the case, and is certainly the most natural and just result that could have been obtained. The premium was paid by the draft; thereafter the company's right of action against the assured was not upon the policy, but upon the draft. That premium debt had been merged into the draft.

But if it be conceded that the acceptance of the draft was not a payment of the premium, still we think that it does not admit of doubt, that, from the facts and circumstances of this case, the company could not forfeit the policy without first giving the assured a fair opportunity to pay the premium.

We conclude that the judgment of the court below is fully sustained by the evidence, and that it ought to be affirmed.