## HOME INS. CO. OF NEW YORK v. PUCK-ETT. (No. 3687.)

Court of Civil Appeals of Texas. Texarkana. May 16, 1929.

Rehearing Denied May 30, 1929.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Thos. W. Thompson, of Greenville, for appellee.

LEVY, J. This suit was by appellee upon a policy of insurance for $300 against loss or damage by tornado or cyclone. On May 9, 1927, about 2 o'clock a. m., the property insured was totally destroyed by a cyclone. That fact is without dispute. The policy was dated December 15, 1922, and was to run for a period of five years from the date thereof. The premium payable was $70.50, divided into five equal installments of $14.10, the first of which was paid in cash at the time the policy was issued, and the other four installments were to become due and payable on January 1 of each succeeding year through the life of the policy. The appellee promptly paid the first, second, and third installments when due. He did not pay the fourth and last installment on January 1, 1927, when it was due, but did pay the full amount thereof by draft after the date of the loss, upon demand therefor made by letter written by the special agent of the company. The special agent of the company had supervision of the company's business in the territory in which this policy was issued, and authority to "look after the collections and adjustments" for the company. The draft was sent by the special agent to the home office in Chicago and was cashed, and in due course of mail the appellee received from the company's home office his note marked "paid." The company kept the money some 2½ months, and did not return or offer to return it until by tender upon trial of the case in January, 1928.

The policy, as well as the note, contained a provision that in case of nonpayment of any one of the installments, at maturity thereof, the company would not be liable for loss during such default, and that the policy should lapse until payment of such delinquent installments to the company, but to be revived upon payment of all installments due. The stipulations of the note reflect the intention that, upon the happening of the loss of the insured property, the unpaid installments should not thereafter be payable.

 The judgment in favor of appellee was based upon estoppel by waiver. It is believed that there is evidence going to support the trial court's conclusion that, under the doctrine of estoppel by waiver, the company had lost the right and was precluded from asserting the enforcement of the conditions contained in the policy. A provision for punctual payment of premiums, and forfeiture or suspension of insurance for the nonpayment when due, is for the benefit of the insurance company and may be waived. Equitable Life Assur. Society of United States v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Globe Mutual Life Ins. Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387; 3 Joyce on Insur-

ance, § 1353. The company received and kept the premium and sent an adjuster to the place, and never tendered the money back until after court action. In view of these and the other circumstances appearing in the record tending to show notice of the loss, the trial court's finding may not be set aside.

The judgment is affirmed.