## STATE LIFE INS. CO. OF INDIANAPOLIS, IND., v. NOLEN. (No. 1315—5410.)

Commission of Appeals of Texas, Section A. Feb. 12, 1930.

Arnold & Arnold, of Texarkana, for plaintiff in error.

King, Mahaffey & Wheeler, of Texarkana, for defendant in error.

SHARP, J. Mrs. Bobbie Palmer Nolen instituted this suit in the district court of Bowie county against the State Life Insurance Company of Indianapolis, Ind., upon an insurance policy, dated February 14, 1924, issued on the life of Kimbol Nolen in the sum of $2,-000 for 12 per cent. penalty, and reasonable attorney's fees.

Upon the conclusion of the evidence the trial court peremptorily instructed the jury to return the following verdict:

"We, the jury, find a verdict in favor of the plaintiff for the sum of Nineteen Hundred Fifty-three and 77/100 Dollars, together with 12 per cent on said amount as a penalty; and we also find for the plaintiff the further sum of Five Hundred Dollars as an attorney's fee.

"[Signed.] D. L. Atchley, Foreman."

Whereupon judgment was rendered in favor of Mrs. Nolen against the insurance company in the sum of $2,687.02, together with all costs incurred. The insurance company appealed to the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana, and the case was affirmed. 13 S.W. (2d) 406. The insurance company applied to the Supreme Court for writ of error, which was granted.

The opinion of the Court of Civil Appeals fully states the facts involved in this suit, and it is not necessary to repeat them here.

By proper assignment, the insurance company contends that the Court of Civil Appeals erred in holding that the trial court correctly instructed a verdict for plaintiff, and that the insurance company accepted the check unconditionally and was estopped, as a matter of law, to claim nonpayment of the premium, as it was undisputed that the check was protested and never paid, and that it was also undisputed that the insurance company immediately returned the unpaid check, before knowing of the death of the insured, and elected not to treat it as an obligation on the part of the insured and stated that the receipts issued and sent by the company to the insured were invalid, and, after the company had learned that the check was worthless, made no attempt to hold said check or to insist upon its payment.

The record shows that the insurance company never requested the insured to remit or to pay his premium, which was due, by check; that by letter dated October 10, 1927, the insured inclosed to the insurance company the medical report and check to cover his premium, and on October 14, 1927, the company wrote the insured that the medical report was not complete and returned same to him for completion. The record further shows

that on November 9, 1927, the insured returned to the insurance company the examination and medical report which was received by the company on November 13, 1927, and on November 18, 1927, the insurance company indorsed the check and deposited it in the bank, and on November 22, 1927, the insured's check was protested at Seminole Okl.; that the protested check reached the office of the insurance company on Saturday, November 26, 1927, and on the following Monday, November 28th, the insurance company wrote to the insured by registered mail and stated that his check had been protested and that the premiums due on the policy had not been paid, and the receipts furnished were invalid, and furthermore inclosed the protested check to the insured. It was further agreed that the letter dated November 28th reached Seminole, Okl., on November 30th, and that Kimbol Nolen, insured, had died on November 27, 1927, but that the insurance company did not know of his death.

We think the facts in this case raise an issue for the jury to pass upon as to whether or not the insurance company accepted the check in payment of the premium due, and the trial court was not justified, as a matter of law, in holding that Mrs. Nolen was entitled to a peremptory instruction against the insurance company. It seems that the leading case upon which the Court of Civil Appeals based its opinion in affirming the action of the trial court is the case of State Life Insurance Co. v. Little (Tex. Civ. App.) 264 S. W. 319, 322 (writ of error refused).

An analysis of the facts involved in the Little Case show that they are stronger in favor of the insured than the facts involved in this case. A trial in the Little Case was before the court without a jury, and the court, upon the facts involved in that case, rendered a judgment for the insured against the insurance company. In rendering the opinion in the Little Case the Court of Civil Appeals says: "Under this record the question of acceptance of the check as payment is one of fact. The company could have communicated with Little by letter before his death, after it received notice of protest on July 4th, and by wire, after the check was returned and received by it on July 8th. Under somewhat similar conditions, James, C. J., in Northwestern Life Assurance Co. v. Sturdivant, 24 Tex. Civ. App. 331, 59 S.W. 61, held that the company had waived its right to insist upon the cash payment. If the company had not intended to accept the check ordinary business prudence would have demanded that it return it to Little and request the return of the receipt. From July 4th no effort was made by the company to repossess the receipt, and, as said by Howe, it was only preparing to write Little concerning his protested check."

Again the court says: "We think the facts as hereinbefore set out sufficiently support the presumed finding of acceptance and waiver. The absence of anything done or said by the company prior to the time it received notice of the death of Little to recall its receipt is a persuasive circumstance which the jury might consider. Numerous cases are cited in the instructive note above referred to, in L. R. A. 1916A, 674, to which we refer.

"As insisted under the fourth proposition, we do not hold that the facts can, as a matter of law, be construed to be a waiver, but we think they are sufficient to support a finding to that effect."

In view of the foregoing authority, we think that the trial court should have submitted to the jury the issue of acceptance of the check for the premium by the insurance company, and should not have held, as a matter of law, that Mrs. Nolen was entitled to a judgment against the Insurance Company.

For the reasons above stated, we recommend that the judgment of the Court of Civil Appeals and of the trial court be reversed, and this case be remanded for another trial.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.