### FRANKLIN FIRE INS. CO. v. SINGLETARY.
#### No. 1298.
Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Sept. 21, 1934.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

C. F. Sentell, of Snyder, for defendant in error.

HICKMAN, Chief Justice.

In the court below, defendant in error recovered judgment against plaintiff in error for $700 on a policy of fire insurance for the total destruction of a building. The judgment awarded interest on this amount at the rate of 6 per cent. per annum from the date of the fire. The only questions presented for decision in this court are: (1) Does the evidence support the conclusion that plaintiff in error waived its right to claim a forfeiture on account of a violation of the vacancy clause in the policy? and (2) Did the court err in awarding interest from the date of the loss? We shall consider these questions in their order.

The policy contained the usual provision that same should be void if the property should remain vacant for a period in excess of ten days. Defendant in error pleaded a waiver of this provision, and the court below sustained the plea. It is contended that the evidence was insufficient to establish a waiver. The facts are few, and, in the main, agreed upon. Connie Davis, of Cisco, was the duly authorized local agent of the company, and had authority to waive forfeiture because of vacancy. The house became vacant on October 21, 1932. On November 9th thereafter Davis wrote a letter to Singletary in which was contained this paragraph: "You will please return the policy now in force, which is Franklin Fire Insurance Policy #11. I find that the property is vacant and the company prefers not to carry vacant property." He received no answer to this letter, and thereafter, on November 15th, wrote another letter as follows:

"Dear Mr. Singletary:—

"I wrote you on the 9th inst. to return Franklin Fire Insurance Policy No. 11, as the property was vacant and the Company prefers not to carry vacant property.

"The return premium on this policy is $4.83, cancelled as of November 21st, 1932.

"You will please return the policy to the First National Bank, Cisco, Texas, with draft attached, and the return premium will be sent to you.

"It is possible that you or Mr. Ivan Gatlin have misplaced the policy; if so, and same cannot be found, you will please sign the enclosed lost policy receipt, and have same witnessed, and the return premium will be paid. Same can be sent to the First National Bank, Cisco, Texas, with draft attached.

"Yours very truly,

"[Signed]   Connie Davis."

Inclosed with this letter was a formal notice of cancellation advising that " * * * you are hereby further notified that said policy shall, without further notice, be cancelled and liability of said Company terminated at noon on the 21st day of November, 1932, and pro rata unearned due on said policy, if same shall have been actually paid, shall be returned as provided by said policy on surrender of the policy or last renewal at the office of Connie Davis, the duly authorized agent of said Company at Cisco, Texas, or by draft on this office with the cancelled policy attached to said draft."

The policy was not returned, and the fire occurred about 2:15 a. m., on November 21, 1932. Singletary testified that on November 9, 1932, he informed Davis that no one was living in the house, and that the man who had been living in it moved out "last month."

There can be no question but that the letter of Mr. Davis on November 15th, and formal notice to the insured that the policy would be canceled at noon, November 21st thereafter, and the charging of premium to that date, constituted an effectual waiver of the provision of the policy regarding vacancy, if at that time Davis knew that the house had been vacant for more than ten days. When an authorized agent does an unequivocal act evidencing a purpose to treat a policy as binding, at a

time when he is in possession of information which would authorize the claim of a forfeiture, such right of forfeiture is thereby waived. Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Stone v. Brady Mutual Life Ins. Ass'n (Tex. Civ. App.) 2 S.W.(2d) 538. Davis was informed on November 9th that the property was vacated "last month." Of course, it is true, as contended by plaintiff in error, that "last month" might have meant October 31st. Were this testimony to be thus narrowly restricted, we could not say that Davis had information on November 9th that the property had been vacant in excess of ten days, but on November 15th, more than ten days had elapsed since October 31st, and the letter of that date unmistakably evidences that Davis had knowledge at that time that the property was still vacant. The evidence well supports the conclusion of waiver, and all the assignments presenting this question are overruled.

The record is silent as to whether any proof of loss was ever furnished, but it was stipulated that the insurance company denied liability under the policy on March 1, 1933. As above noted, the judgment awarded interest from November 21, 1932, the date of the fire. The policy contained the usual provision that the loss should not become payable until sixty days after ascertainment, estimate, and satisfactory proof of loss had been received by the insurer. The court erred in awarding interest from the date of the loss, but should have awarded it from March 1, 1933. We had this exact question presented in the recent case of People's National Fire Ins. Co. v. Texarkana Nat. Bank (Tex. Civ. App.) 60 S.W.(2d) 254. In support of our holding we cited, among other cases, the following: Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; Delaware Underwriters & Westchester Fire Ins. Co. v. Brock, 109 Tex. 425, 211 S. W. 779; Southern Underwriters v. Jones (Tex. Civ. App.) 13 S.W.(2d) 435 (error refused)—to which authorities we now add Fire Ass'n of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447, and Springfield Fire & Marine Ins. Co. v. Brown (Tex. Civ. App.) 13 S.W.(2d) 916.

In the case of Continental Mutual Fire Ins. Co. v. Walles (Tex. Civ. App.) 20 S.W.(2d) 405, the Beaumont court stated that, when the subject of the insurance is not personal property, and the loss is total, the insured is entitled to interest on the amount of the policy from the date of the loss. No authority is cited supporting such statement, and it is in conflict with the decisions of the Supreme Court above cited.

The judgment below will be reformed so that the running of interest on the amount of the policy will begin on March 1, 1933, instead of November 21, 1932. The costs of this appeal will be taxed against defendant in error.

Reformed and, as reformed, affirmed.