AMERICAN NATIONAL INSURANCE COMPANY V.
ETHEL CLEVELAND ET VIR.

No. 6349. Decided October 9, 1935.
Rehearing overruled November 6, 1935.
(86 S. W., 2d Series, 217.)

190

*Frank S. Anderson,* of Galveston, *Lee, Lomax & Wren,* and *Wren, Pearson & Jeffrey,* all of Fort Worth, for plaintiffs in error.

The express provisions in the policies of insurance that agents were not authorized and had no power to make, alter or discharge contracts, waive forfeitures or receive premiums on policies more than four weeks in arrears except at the risk of those who paid them, which limitations of authority were known to plaintiff, rendered ineffective as against defendant any conversation or conduct on the part of the agent of said company to waive any provision of said policies or to estop defendant from asserting its rights thereunder. Columbian Natl. Fire Ins. Co. v. Dixie Co-op. Mail Order House (Com. App.), 277 S. W., 380; Aetna Ins. Co. v. Richey, 206 S. W., 383; Republic Ins. Co. v. Moss, 235 S. W., 700.

The promise of agent to call and collect past due premiums, which he failed to do, was merely a promise to assist policy holder to prepare application for reinstatement, and in no way formed a basis for the conclusion that the defendant was estopped by such promise "to deny that said policies were in

full force and effect when the insured died." Kansas City Life Ins. Co. v. Elmore, 226 S. W., 709; Cowen v. Equitable Life Assur. Soc., 84 S. W., 404; New York Life Ins. Co. v. Scott, 57 S. W., 677.

*Cantey, Hanger & McMahon, Alfred McKnight* and *Warren Scarbrough,* all of Fort Worth, for defendants in error.

The insurance company having received and accepted the premiums with knowledge of the right of forfeiture, and even after the death of the insured deposited the same in its bank account and made no tender or offer to return said premiums until after demand for payment of policies, all of which was done pursuant to an intention to continue the policies in full force and effect, the holding that the nonpayment of premiums within the time required had been waived was correct, and amounted to an estoppel. Home Benefit Association v. Catchings, 38 S. W. (2d) 386—writ of error refused; Stone v. Brady Mutual Life Ins. Co., 2 S. W. (2d) 538; Wichita Home Ins. Co. v. Montgomery, 4 S. W. (2d) 1041; Joyce on Ins. (2d Ed.), Vol. 3, sec. 1356.

Mr. Presiding Judge RYAN delivered the opinion of Commission of Appeals, Section B.

The American National Insurance Company issued three policies of insurance upon the life of Ellis Cleveland, Jr., the first dated January 10, 1925, the second on July 13, 1925, and the third on November 1, 1926, there being due thereon according to the schedules contained therein, upon the death of said insured, a total of $901.00, comprising $525.00 under the first, $188.00 under the second, and $108.00 under the third policy. Ethel Cleveland, the insured's mother, was named as beneficiary in each of said policies.

The weekly premiums provided for in said policies "were paid regularly down to the week beginning August 11, 1930." The insured was injured on Monday, September 22, 1930, at about noon, and died the next day (September 23); proofs of death on forms satisfactory to the company were submitted to it. The company refused to pay the policies, whereupon the beneficiary, Ethel Cleveland, joined by her husband, Ellis Cleveland, Sr., filed this suit in the District Court of Tarrant County and recovered judgment, on trial before the court, jury waived, for the amounts provided for in the three policies and interest, together with 12 per cent penalty and $275.00 attorney's fee, aggregating $1,311.15, with legal interest from

date of judgment, April 22, 1931, which was affirmed by the Court of Civil Appeals. 52 S. W. (2d) 327.

The company contends that the policies lapsed because of nonpayment of the weekly premiums after the week beginning August 11, 1930, and alleges that said policies were not reinstated within four weeks thereafter, in accordance with their terms, to which contention the beneficiary pleaded a waiver of that defense and estoppel to assert it, because (and introduced testimony in support thereof) on or about September 17, 1930, Mr. Cleveland, the insured's father, offered to pay L. S. Parker, assistant superintendent of the company, then temporarily in the town of Arlington, where the Clevelands lived, the premiums then due upon each of said policies stating that he did not want to drop them, but wanted to continue them in force and effect; Parker did not then accept for the single reason that he did not at that time have the agent's book in his possession in which to make the notation of collection, which the rules of the company required, but promised that he or the agent Butcher would call at the Cleveland home, on Friday, September 19th, and collect the premiums, which promise was relied on and no further effort to pay such premiums was made until the following Sunday, September 21st, when neither Parker nor the agent Butcher having called to make such collections, said Cleveland gave the amount thereof to his brother-in-law, Joe Lassiter, for payment at the company's office, on the next day (Monday), on the evening of which he (Lassiter) paid the said amount ($2.00) to the wife of A. T. Thompson, one of the defendant's agents, at the home of said agent; at that hour the company's office was closed for the day. A. T. Thompson transmitted the said amount to the company's district office in Fort Worth and it was there credited as having been received on September 22, 1930.

The trial court's findings embrace the above facts, also the following:

"Defendant received said payment on the 23rd day of September, 1930, intending to continue the policies in full force and effect, on the assumption that the said Ellis Cleveland, Jr., was then an insurable risk and in an insurable condition.

"After the defendant knew that the insured was injured this money was deposited along with their other funds in the bank in the name of the manager of the Fort Worth Office of the defendant.

"No tender of return of the amount paid was made by

the defendant until after demand for payment of the policy was made by the beneficiary. * * *

"The said L. S. Parker was acting in the scope of his authority and employment with the defendant, and was also acting in the apparent scope of his authority and employment."

The trial court concluded:

"The promises of Butcher and Parker to call at the home of Cleveland for the unpaid premiums, their failure to do so, and the reliance of the Clevelands upon the said promise estops the defendant to say that the said premiums had not been paid, and to deny that said policies were in full force and effect when the insured died. * * *

"Butcher and Parker had authority to extend the time of the payment of these premiums until they should call on the plaintiffs therefor, as such promise was made in this case.

"The defendant, by the promises of Parker and Butcher to call at the home of the plaintiffs for the premiums, waived their payment until such call.

"The policies were in full force and effect upon the date of the death of Ellis Cleveland, Jr."

The policies in question contain the following provision:

"Reinstatement—The Insured out of benefit may be reinstated upon payment of back premiums in full, and upon passing a satisfactory medical examination (but such an examination may be waived by the company if it desires to do so)."

We concur in the following statement of the Court of Civil Appeals:

"The defendant had its home office in Galveston, Tex., and was engaged in writing industrial policies of life insurance for weekly premiums; and its district office in Fort Worth was under the direction of J. S. Thomas. Parker was assistant superintendent to Thomas, and he wrote two of the insurance policies. Thomas and Butcher were accredited agents of the company and they were authorized to collect insurance premiums and also to use their efforts to get policyholders to reinstate policies that had lapsed. Until a short time before the death of the son, Ellis Cleveland, Jr., plaintiffs had lived in the town of Arlington but moved out in the country near that town and the premiums on these policies had been collected by some of defendant's agents by calling at plaintiff's home in Arlington, and when collected the same would be noted in a receipt book usually carried by the agent.

The defendant had no representative in Arlington and the collection agents worked out of the district office in Fort Worth in territories assigned to them. · Those facts, in connection with further facts that after the $2 in premiums were paid to Parker he turned them in to the company's office at Fort Worth, where they were credited to the policies and afterwards deposited in the bank along with other funds of the company after the death of plaintiff's son and after Thomas, the superintendent in charge of the Fort Worth office, had been informed of his death, were clearly sufficient to support the court's finding that the negotiations had by Parker and Butcher with plaintiffs with respect to the payment of the past-due premiums were within the scope of the authority given to them by the defendant as its agents. And in this connection we will add that the provisions in the policies attempting to deny all agents of the company authority to waive forfeiture or to receive premiums on policies in arrears more than four weeks, or to receipt for the same, are unenforceable as against the plea of waiver and estoppel; since the act of the agent within the scope of his employment at the date of the act will bind the principal. Niagara Ins. Co. v. Lee, 73 Texas, 646, 11 S. W., 1024; Morrison v. Ins. Co., 69 Texas, 353, 6 S. W., 605, 5 Am. St. Rep., 63; Wagner & Chabot v. Westchester Fire Ins. Co., 92 Texas, 549, 50 S. W., 569; Law v. Texas State Mutual Fire Ins. Co. (Texas Com. App.), 12 S. W. (2d) 539; U. S. Fidelity & Guaranty Co. v. Taylor, 11 S. W. (2d) 340; Am. Nat'l Ins. Co. v. Bailey, 3 S. W. (2d) 539; Equitable Life Assur. Soc. v. Ellis, 105 Texas, 526, 147 S. W., 1152, 152 S. W., 625; article 5056, Rev. Civ. St., 1925; Cyc. Insurance Law, Vol. 2, Sec. 522E," and in this conclusion by that court:

■ "Since the assurance by Parker and Butcher to the plaintiff Ellis Cleveland that the policy would be reinstated upon the payment of the $2 premiums was unconditional, we overrule the further contention of appellant that that assurance must necessarily have been understood and construed as conditioned upon a reinstatement of the policy in accordance with the requirements of those provisions contained in it and noted above. The foregoing excerpt from the opinion in the Ellis Case conclusively overcomes that contention, since the assurance so given was not made with that qualification. * * *

"The assurance given to the plaintiffs by Parker and Butcher, the duly accredited agents of the defendant, while

acting in the scope of their authority, that the policy would be reinstated upon the payment of the premium of $2 and the payment of that premium according to the understanding therefor and the receipt of the same by the accredited agents of the defendant, and the deposit of the same with the other funds belonging to the company after knowledge of the death of plaintiff's son, was a recognition by the defendant of the validity of the policy for the purpose of reinstatement, and supported the trial court's conclusion that thereby the defendant waived the right to defeat a recovery by reason of the fact that the policy by its terms had lapsed for nonpayment of premium and had not been reinstated in accordance with the strict provisions of its terms set out above; and also support the further findings of estoppel to set up that defense."

The judgments of the district court and Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court October 9, 1935.

Rehearing overruled November 6, 1935.