**SMARTT v. TEXAS MUT. LIFE INS. ASS'N.**

No. 13235.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 11, 1935.

Rehearing Denied Nov. 1, 1935.

Thompson & Barwise and McDonald & Floyd, all of Fort Worth, for appellant.

Cantey, Hanger & McMahon and F. T. Denny, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The Texas Mutual Life Insurance Association was duly incorporated under the laws of the state of Texas with authority to issue life insurance policies under the mutual assessment plan. Its principal office and place of business was in Waco, Tex. On November 29, 1932, it issued to Henry E. Smartt, then residing in Fort Worth, a life insurance policy for the sum of $5,000 in favor of Mrs. Bertha M. Smartt, wife of the insured. Henry E. Smartt died on December 7, 1933, in Fort Worth, and this suit was instituted by the beneficiary to recover on the policy, and from a judgment in favor of the defendant on an instructed verdict she has prosecuted this appeal.

According to the terms of the contract of insurance, payments were to be made to beneficiaries of the policies issued out of funds to be realized out of assessments against the policyholders in the sum of $5.50 payable upon the death of any policyholder.

The policy embodied these stipulations:

"This insurance is granted in consideration of the application herefor, a copy of which is attached hereto, and hereby made a part of this contract, of the payment of the membership fee and each assessment which shall be levied by the officers of the Texas Mutual Life Insurance Association upon the death of any member in this class within ten days of notice of such death and one assessment per year as annual dues of $5.00 to be paid on or before the 1st day of October each year. * * *

"In the event of lapse of this policy all benefits hereunder shall be forfeited

until reinstatement of this policy has been approved by the association and written notice thereof received by the insured while alive and in good health.

"The insured may apply for reinstatement upon lapsation of this policy, for any reason, by furnishing the Association evidence of good health satisfactory to the Association within nine days after it has lapsed and the payment of all past due assessments, provided, however, that the Association may reject any such application for reinstatement for any reason it deems sufficient. * * *

"That his or her membership is based on his or her application, which application is filed in the office of the Texas Mutual Life Insurance Association and subject to the By-Laws of said Association which are made a part hereof."

Following was one of the by-laws of the insurance company: "A certificate of membership to become effective and be binding is conditioned upon the payment in full of the application fee having been actually received by said Association and upon the payment having been actually completed of subsequent assessments as may be levied by the officers of the Association on such certificates. Completion of payment of the Membership *fee or any subsequent assessment shall be conditioned upon any check or instrument, tendered to cover such payment, being paid in accordance with its tenor and a bona fide remittance made to cover such payment.*" (Italics ours.)

The record shows that for all assessments levied against Smartt's policy, he mailed to the defendant at Waco his checks drawn on the First National Bank of Fort Worth, Tex., and as soon as they were received by the defendant they were deposited in defendant's bank in Waco and credit given therefor on defendant's books as of the date of receipt of those checks, although the defendant did not mail to Smartt its receipt acknowledging credits for those assessments.

An assessment was made on July 21, 1933, and Smartt's check therefor was dated and mailed on July 31st, which was within the ten days' grace period. The defendant received that check on August 1st and then entered credit therefor on its books. The check was deposited in the defendant's bank in Waco on August 2d. A few days later the check was returned unpaid, and on August 7th the defendant wrote a letter to Smartt advising him of its dishonor and inclosed him a blank form of application for reinstatement of the policy. Thereupon Smartt filled out the application and mailed it to the defendant, together with his check for the amount of the assessment. That check was dated August 11th and was received by defendant on August 15th. The application for reinstatement was then approved and notation made on defendant's books of the reinstatement of Smartt's policy as of date August 15th. Smartt was then advised by letter from the defendant that his policy had been reinstated. Thereafter all assessments on the policy were duly paid up to the date of Smartt's death.

In Smartt's application for reinstatement of his policy, he stated that he was then in good health; and on the trial of the case it was admitted by plaintiff that that representation was untrue.

The defense urged was that the original policy had lapsed for nonpayment of the assessment of July 21st within the option period, and that there could be no recovery on the reinstated policy because insured was not in good health at the time of its issuance.

Upon the trial of the case defendant's counsel stated in open court that no question was made of the failure to pay any of the assessments as required by the terms of the policy except the assessment levied on July 21st.

In plaintiff's original petition it was alleged that all assessments levied had been paid by Smartt in accordance with the terms of the contract, and in a supplemental petition she alleged that the receipt of Smartt's check, dated July 31st, and credit given therefor on August 1st on defendant's books, amounted in law to an acceptance of that check as an unconditional payment of that assessment, with the further allegation that the same constituted a waiver by defendant of the right to declare and treat the original policy as forfeited by lapsation.

The court sustained defendant's exception to the plea of waiver and plaintiff excepted to that ruling.

The question to be determined here is whether or not the evidence showed conclusively that the original policy was in fact forfeited before its reinstatement, as held by the court, or whether or not the evidence tended to show that the check of date July 31st, given in payment of the

assessment of date July 21st, was accepted as payment therefor, as insisted by appellant.

When the defendant accepted the check of date July 31st and entered credit therefor on its books, it did not notify Smartt that such acceptance was conditioned upon the payment of the check by the drawee bank upon presentation. And according to some authorities that course of dealing would amount to acceptance of the check as payment of the assessment, or necessarily a waiver of the right to deny such payment, independently of any plea of waiver. Indeed, if the check was accepted as payment that would estop defendant from thereafter claiming that the payment should have been in cash. In this connection it was shown by testimony of R. Q. Travers, defendant's secretary at Waco, that Smartt's checks for several prior assessments were received and credit given therefor on its books subsequently to the expiration of the ten days' grace period, and which checks were not paid by the drawee bank until after defendant had given credit therefor; and no lapsation of the policy was claimed by the defendant by reason of such delay in receiving the cash on those checks. However, it was shown that the policy was declared lapsed for nonpayment of the assessment levied January 20th, within the grace period, and was reinstated on February 15th by check of that date, which was paid by the drawee bank on February 18th. But appellee makes no contention that the policy was then forfeited.

It is to be noted further that when the defendant received the check of date July 31st on August 1st and gave credit therefor as of that date, it necessarily knew that some time would elapse before the check could be transmitted to the drawee bank and then paid, thus tending to show an intention to accept the check as payment of the assessment levied July 21st.

In 24 Tex. Jur. p. 859, it was announced that payment of premiums on an insurance policy may be made by check, and if the insurer accepts the check or other instrument for payment of the money, the transaction constitutes a payment and prevents forfeiture, even though the paper be that of a third party or is not good at the time. To the same effect are State Life Ins. Co. of Indiana v. Little (Tex. Civ. App.) 264 S. W. 319 (writ refused); Texas Mutual Life Ins. Ass'n v. Love (Tex. Civ. App.) 66 S.W.(2d) 424; Tex-as Mutual Life Ins. Co. v. Munson, 2 Posey, Unrep. Cas. 649.

The case of State Life Ins. Co. of Indianapolis v. Nolen, 13 S.W.(2d) 406 (Court of Civil Appeals), Id., 24 S.W.(2d) 22, 23, by the Commission of Appeals, involved the issue whether or not a check accepted for a premium would constitute payment. In that case the Commission of Appeals used this language: "We think the facts in this case raise an issue for the jury to pass upon as to whether or not the insurance company accepted the check in payment of the premium due, and the trial court was not justified, as a matter of law, in holding that Mrs. Nolen was entitled to a peremptory instruction against the insurance company."

In Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625, the Supreme Court held that forfeiture is a harsh remedy which the insurance company may waive even though the right to claim forfeiture is expressly given by the terms of the policy. To the same effect, see American Nat. Ins. Co. v. Ethel Cleveland (Tex. Civ. App.) 52 S.W. (2d) 327, affirmed by the Supreme Court October 9, 1935, 86 S.W.(2d) 217.

As said by the Supreme Court in Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385, 386: "Forfeitures are harsh and punitive in their operation. They are not favored by the law, and ought not to be."

If the policy here involved had not been rightfully forfeited at the time it was reinstated, then Smartt's contract of reinstatement was without consideration to support it.

It is our conclusion that the evidence tended to show an acceptance of the check of date July 31st as payment of the assessment of July 21st, and that the court erred in granting appellee's motion for a peremptory instruction in its favor.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.

### On Motion for Rehearing.

Appellee complains of the statement made in our original opinion that as soon as defendant received checks from Smartt for premiums on his policy he was given credit therefor on defendant's books. We are now convinced that the testimony of R. Q. Travers, defendant's secretary at Waco, who was the only witness on that point, does not conclusively support that recital in our opinion. According to his

336

testimony, whenever Smartt's checks were received, witness would make entry, on his card kept to show the state of his account, a notation showing receipt of the check and date of such receipt, but would make no entry showing that the check was accepted as payment of the assessment. The checks were then deposited in defendant's Waco bank for collection, and if honored by the drawee bank in Fort Worth, that would be treated as payment without any further notation on the books or notice to Smartt. But if the check was not paid by the drawee bank, then Smartt would be notified that his policy had lapsed and a blank application be sent to him to be filled out, and when the same was signed and returned and payment made of the necessary premiums therefor, his policy would be reinstated. However, other portions of his testimony tended to show that credit was given by the company for Smartt's checks as soon as they were received. Such being the state of his testimony, it was a question for the jury to determine whether or not the check given for the assessment made July 21st was in fact accepted by the insurance company as payment of that assessment as soon as defendant received it.

And as pointed out in the motion, the record shows that the policy was declared forfeited for nonpayment of another assessment levied May 19th, but it was thereafter reinstated on application of the insurer.

With the foregoing corrections in our original conclusions, the motion for rehearing is overruled.