### TEXAS MUT. LIFE INS. ASS'N v. TOLBERT.

#### No. 3292.

Court of Civil Appeals of Texas. El Paso.

Feb. 13, 1936.

Rehearing Denied Feb. 27, 1936.

Richey, Sheehy & Teeling, of Waco, for appellant.

R. L. Holliday and Henry T. Moore, both of El Paso, for appellee.

PELPHREY, Chief Justice.

On or about October 21, 1929, William Thomas Tolbert applied for membership in class C of the appellant association. Pursuant to such application, appellant issued its certificate No. 9613, in the principal sum of $5,000, and naming appellee as beneficiary. The certificate provided for the payment of certain dues and assessments, consisting of the sum of $5.50 payable upon the death of any member in the same class and one assessment of $5.50 as annual dues to be paid on or before the 1st day of October of each year.

This certificate, without question, remained in full force and effect until February 21, 1933, and for ten days thereafter.

On the above date, an assessment of $5.50, because of the death of a member in the same class, was made, and notice thereof sent to William Thomas Tolbert. On February 23, 1933, he mailed his check to appellant for the amount of such assessment, and it was received by it on February 25, 1933.

On March 14, 1933, appellant wrote to Mr. Tolbert informing him that the check of February 23d had been returned to it with a notation of "insufficient funds," and requesting him to remit the sum of $5.50 "in order that we may consider placing this amount to your credit as your policy is not in benefit at this time." Mr. Tolbert immediately upon receipt of this letter sent appellant a post office money order for the amount of the assessment.

On March 17th appellant again wrote to Mr. Tolbert acknowledging receipt of the money order and advising him that it

would be necessary for him to be reinstated in the Association.

The check was retained by appellant until March 24, 1933, when it was returned to Mr. Tolbert.

On April 20, 1934, William Thomas Tolbert died and on the 26th day of December following, this suit was filed.

Appellee, in support of her claim that the certificate was in full force and effect and that appellant was liable for the face value thereof and the amount of all death assesments paid by Mr. Tolbert, alleged that Mr. Tolbert's check of February 23d was accepted and retained by appellant in full and final payment of the assessment; that all his dues and assessments had been paid by checks and were unconditionally and customarily accepted by appellant in full and final payment of the dues and assessments for which they were given; that appellant had invited Mr. Tolbert and other members to pay their dues and assessments by check through the mail; that on many occasions checks sent by Mr. Tolbert were not paid until after the period of grace mentioned in the by-laws of the association, but in each of such instances appellant had accepted such checks in payment of the dues and assessments and treated the contract as in full force and effect and had never at any time declared or claimed a forfeiture; that in almost every instance the checks sent in payment of dues and assessments were not actually paid within the grace period, but nevertheless they were accepted by appellant and the contract treated as in full force and effect; that, by virtue of this custom, Mr. Tolbert and appellee were induced reasonably to believe and did believe that their checks were unconditionally accepted in payment of dues and assessments and that a forfeiture would not be declared because payments were not made within the period of grace; and that prior to March 14, 1933, neither Mr. Tolbert nor appellee had been advised of any change in the above custom or of the fact that appellant would no longer accept checks as it had done before.

Appellant answered by general demurrer and general denial; specially alleged that Mr. Tolbert had made misrepresentations as to the condition of his health which avoided the policy; that the policy had lapsed and was forfeited because of the failure of Mr. Tolbert to pay the assessment of February 21, 1933, within the grace period; that the by-laws provided that checks tendered to cover payments were accepted conditioned upon their being paid with their tenor and a bona fide remittance made to cover their payment; that the check given by Mr. Tolbert for the February assessment was deposited by appellant for collection and was returned unpaid by the bank upon which it was drawn; and that, the assessment and check never having been paid, the policy was forfeited.

By supplemental petition, appellee denied the making of any false representations by Mr. Tolbert; alleged that appellant was estopped to depend upon such defense; that it was also estopped to claim that the February assessment had not been paid; and that Mr. Tolbert had never been advised of any change in the by-laws as accepting checks in payment of assessments.

At the conclusion of the evidence, the parties agreed to waive the jury and submit the cause to the court. The court thereupon rendered judgment in favor of appellee for the sum of $5,250, being the principal amount of the policy, and the further sum of $250 as reimbursement of death assessments paid by the insured.

From that judgment this appeal has been prosecuted.

### Opinion.

Appellant presents several assignments of error and propositions thereunder attacking both the findings of fact and conclusions of law filed by the trial court as well as the judgment rendered.

■ After a reading of the briefs of both parties, the authorities cited by them, and others, we have reached the conclusion that the judgment should be affirmed on the ground that the record here shows that appellant by its conduct had waived the right to forfeit the policy here sued upon. The provision as to payment of the premiums punctually and for forfeiture for their nonpayment when due was for the benefit of appellant, and could be waived by it. Home Ins. Co. v. Puckett (Tex. Civ.App.) 17 S.W.(2d) 849; United Fidelity Life Ins. Co. v. Handley (Tex.Civ. App.) 53 S.W.(2d) 833, affirmed (Tex.Com. App.) 86 S.W.(2d) 201.

■ If an insurer has customarily permitted a practice with respect to the payment of premiums, it is precluded from

claiming a forfeiture of the policy if payment of a premium has conformed to the custom. McCorkle v. Texas Ben. Ass'n, 71 Tex. 149, 8 S.W. 516; Wichita Home Ins. Co. v. Montgomery (Tex.Civ.App.) 4 S.W.(2d) 1041 (writ dismissed); Jefferson Standard Life Ins. Co. v. Hicks (Tex.Civ.App.) 264 S.W. 1033.

A waiver also is effected where the insurer's conduct evidences an intention to treat the policy as still in effect. Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S.W. 585; Kansas City Life Ins. Co. v. Elmore (Tex.Civ.App.) 226 S. W. 709, 719; Lone Star Insurance Union v. Brannan (Tex.Civ.App.) 184 S.W. 691.

The record here shows that out of the 52 checks sent to appellant by the insured 19 were paid after the grace period had expired, and there is not even a hint that appellant ever claimed a forfeiture by reason of such facts. It further appears that the check which was sent by the insured on February 23d was returned to appellant's bank on or about March 3d; yet, on March 11th following, a letter was written by appellant to insured in which he was addressed as "Dear Policyholder" and warning him not to let others persuade him to discontinue his policy and telling him that, if he would investigate other companies and compare them with appellant company, such comparison would satisfy him that he had the best protection available for his loved ones.

These facts we think clearly support the judgment of the trial court, and it is accordingly affirmed.